UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:25-cv-00421

———

**Abel Torres,**
*Plaintiff,*

v.

**Charles McNair et al.,**
*Defendants.*

———

# ORDER

Plaintiff, a Texas Department of Criminal Justice (TDCJ) inmate proceeding pro se and in forma pauperis, filed this case under 42 U.S.C. § 1983. Doc. 1.

## I.  Background

Plaintiff alleges that defendants exercised excessive force on August 21, 2023, at the Hodge Unit. Doc. 1 at 4. Specifically, plaintiff alleges that defendants, prison officials, approached plaintiff while he was waiting for commissary, threw plaintiff to the ground, and kneed plaintiff in the stomach. *Id.* Defendants moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to file the complaint before the applicable statute of limitations expired—two years under § 1983 in Texas. Doc. 8 at 2–3. Defendants argue that plaintiff initiated this lawsuit on October 27, 2025. *Id.* at 3. The case was referred to a magistrate judge, who ordered defendants to provide authenticated copies of TDCJ mail logs from the warden at the Clements Unit from July 1, 2025, through October 27, 2025, showing when plaintiff mailed legal correspondence to this court. Doc. 12. Defendants provided all relevant mail logs corresponding to plaintiff's incarceration. Doc. 15 at 2–3; *see also* Docs. 15-1, 15-2, 15-3, 15-4, 15-5, 15-6, 15-7.

The magistrate judge reviewed those logs and issued a report recommending that the court deny defendants' motion to dismiss. Doc. 17 at 5. The magistrate judge determined that plaintiff

deposited his complaint in the prison mailroom on July 29, 2025—within the applicable two-year statutory period. *Id.* at 2; *see also* Doc. 15-1 at 10. Thus, according to the report, defendants' motion is meritless. *Id.* at 4.

Defendants objected to the magistrate judge's report "because the present record leaves unresolved questions concerning the application of the prisoner mailbox rule under the unusual circumstances presented here, including the unexplained three-month delay between the alleged mailing date and the [court's] receipt of the complaint." Doc. 18 at 1. Defendants add that "the present record reflects a factual dispute concerning the timeliness of Plaintiff's filing" considering the three-month delay between the July 2025 mail log entry and the court's receipt of plaintiff's complaint in October 2025. *Id.* at 4.

## II. Legal standard

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive[,] or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). When there have been no timely objections to a report, or the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

## III. Analysis

Defendants' objection directly opposes Fifth Circuit precedent. On a Rule 12(b)(6) motion, the court is "required to resolve all factual disputes in favor of the plaintiff." *Def. Distributed v.*

*Grewal*, 971 F.3d 485, 492 n.6 (5th Cir. 2020). The magistrate judge determined that, based on the mailing log evidence defendants provided and the July 17, 2025 dating on plaintiff's complaint (Doc. 1-2 at 1), plaintiff's complaint was timely filed on July 29, 2025, when it was deposited in the prison mailroom. Doc. 17 at 2–4; *see also Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (explaining that a pro se prisoner litigant's § 1983 complaint is filed as soon as the pleadings have been deposited in the prison mail system).

Defendants point to an unexplained three-month delay between the July 29, 2025 deposit log date and the court's receipt of the complaint in October 2025. Doc. 18 at 3. Despite not providing evidence that proves a different filing date or explains the delay, defendants ask this court to re-review the evidence and resolve the statute of limitations dispute in their favor instead. Doc. 18 at 4–5. However, the court is required to resolve all factual disputes in favor of plaintiff, not defendants. *Def. Distributed*, 971 F.3d at 492 n.6. Despite arguing that plaintiff has not met his burden (Doc. 18 at 4), it is axiomatic that defendant bears the burden to prove the statute of limitations has expired at this stage. *See Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024) (dismissal under Rule 12(b)(6) is "appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." (citation omitted)); *see also Harrison v. Thompson*, 447 F.2d 459, 460 (5th Cir. 1971) (per curiam).

Having reviewed the report and being satisfied that it contains no error, the court accepts the magistrate judge's findings and recommendations. Defendants' objections (Doc. 18) are overruled and their motion to dismiss (Doc. 8) is denied. Defendants may reassert their statute of limitations affirmative defense on a motion for summary judgment or at trial.

*So ordered by the court on July 1, 2026.*

J. CAMPBELL BARKER
United States District Judge